[803 NE2d 379, 771 NYS2d 58]

In the Matter of JAMES A. LOSURDO, Appellant, v ASBESTOS FREE, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Argued November 18, 2003; decided December 22, 2003

In the Matter of FLORENCIA MACHADO, Appellant, v PLEASANTVILLE FORD, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Decided December 22, 2003

## POINTS OF COUNSEL

*Olinsky & DiMartino,* Oswego (*Howard D. Olinsky* and *Jaya Shurtliff* of counsel), for appellant in the first above-entitled proceeding. I. There could be no violation of Workers' Compensation Law § 114-a (1) when the fact concealed was not material, in that it did not allow appellant to obtain benefits to which he would not otherwise have been entitled. (*Matter of Flow v Mark IV Constr. Co.,* 288 AD2d 779; *People v Hunter,* 34 NY2d 432; *People v Starks,* 238 AD2d 621; *Matter of Krebs v Town of Ithaca,* 293 AD2d 883.) II. The penalty imposed was excessive and not permitted by statute because it was not related to

amounts received as a direct result of the false statement. (*Matter of Post v Burger & Gohlke,* 216 NY 544; *Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.,* 84 NY2d 129; *Matter of Esposito v Petruzzi,* 278 AD2d 698; *Matter of Lashlee v Pepsi-Cola Newburgh Bottling,* 301 AD2d 879.)

*Wood & Richmond, LLP,* North Syracuse (*John I. Hvozda* of counsel), for Asbestos Free, Inc., respondent in the first above-entitled proceeding. I. The order of the Appellate Division, Third Department affirming the findings of fraud pursuant to section 114-a of the Workers' Compensation Law was correct as a matter of law when the fraudulent statement proffered by appellant was material within the meaning of section 114-a. (*Matter of Flow v Mark IV Constr. Co.,* 288 AD2d 779.) II. The order of the Appellate Division, Third Department affirming the finding of the Workers' Compensation Board disqualifying appellant from benefits was correct as a matter of law. (*Matter of Post v Burger & Gohlke,* 216 NY 544; *Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.,* 84 NY2d 129; *Matter of Esposito v Petruzzi,* 278 AD2d 698; *Matter of Lashlee v Pepsi-Cola Newburgh Bottling,* 301 AD2d 879.)

*Hoffman, Wachtell, Koster & Maier,* White Plains (*Lee A. Hoffman, Jr.,* of counsel), for appellant in the second above-entitled proceeding. I. As a matter of law, the question asked of appellant was ambiguous and appellant did not knowingly make a false statement or representation. (*Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186.) II. As a matter of law, a penalty pursuant to Workers' Compensation Law § 114-a cannot be imposed for any period prior to the effective date of the statute or for any period prior to the first false statement or representation. III. As a matter of law, appellant neither received nor claimed workers' compensation benefits directly attributable to any alleged false statement or representation. IV. As a matter of law, the Workers' Compensation Board improperly rescinded the Workers' Compensation Law Judge's finding that claimant had a permanent partial disability. V. As a matter of law, the determination of respondent Workers' Compensation Board that appellant should be disqualified from all compensation payments subsequent to September 26, 1996 was arbitrary and capricious and an abuse of discretion. (*Matter of Phelps v Phelps,* 277 AD2d 736; *Matter of Flow v Mark IV Constr. Co.,* 288 AD2d 779; *Matter of Stolz v Board of Regents,* 4 AD2d 361.) VI. There is no evidence in the record, and thus no substantial evidence in the record, to support the decision of the Workers' Compensation Board.

*Alison Kent-Friedman,* New York City, and *James P. O'Connor* for respondents in the second above-entitled proceeding. I. Notwithstanding the effective date of Workers' Compensation Law § 114-a, a finding of no compensable lost time for the period prior to the effective date of the statute is entirely appropriate and within the Workers' Compensation Board's discretion. (*State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 65 NY2d 369; *Allstate Ins. Co. v Farmers Ins. Group,* 108 AD2d 284, 65 NY2d 1050, 67 NY2d 924; *Matter of Richardson v Fiedler Roofing,* 67 NY2d 246.) II. Application of Workers' Compensation Law § 114-a as amended to prospectively disqualify claimant is permissible notwithstanding the occurrence of work activity prior to the effective date of the statute. (*Matter of Kass v Club Mart of Am.,* 160 AD2d 1148; *Matter of St. Vincent's Hosp. & Med. Ctr. v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, 66 NY2d 959; *Matter of Phelps v Phelps,* 277 AD2d 736.) III. The decision of the Workers' Compensation Board is supported by substantial evidence and should not be disturbed. (*Matter of Hollis v Marriott Hotel,* 210 AD2d 714, 87 NY2d 859, 1008, 88 NY2d 920; *Matter of Donohue v Scandinavian Airlines,* 134 AD2d 660; *Matter of Beehm v Educational Opportunity Ctr.,* 272 AD2d 808; *Matter of Angelino v 660 Park Ave. Corp.,* 28 AD2d 798; *Matter of Baumgarten v New York State Banking Dept.,* 279 AD2d 741; *Matter of Stamoulis v Anorad Corp.,* 292 AD2d 657, 98 NY2d 609, 729; *Matter of Hercules v United Artists Communications,* 176 AD2d 998.) IV. Rescission of the Workers' Compensation Law Judge's finding of permanent partial disability with no finding of reduced earnings was not improper and should be upheld. (*Matter of Virtuoso v Glen Campbell Chevrolet,* 292 AD2d 731, 98 NY2d 608; *Matter of Schneider v Buffalo Crushed Stone Co.,* 43 AD2d 780.)

**OPINION OF THE COURT**

READ, J.

These appeals call for us to decide whether section 114-a (1) of the Workers' Compensation Law authorizes the Workers' Compensation Board to disqualify a claimant from receiving wage replacement benefits where the forfeited compensation is not "directly attributable" to a false statement or representation.[1] We hold that section 114-a (1) affords the Board discretion to impose such a penalty; however, the records below in these

---

1. These appeals pertain only to the forfeiture of wage replacement benefits. In *Matter of Rodriguez v Burn-Brite Metals Co.* (1 NY3d 553

two cases are inadequate for us to determine whether the Board properly exercised its discretion.

## I.

A. *Losurdo*

Appellant James Losurdo sought workers' compensation benefits for an injury to his left knee, which occurred on September 12, 1994, while he was working for his employer, Asbestos Free, Inc. At a hearing held on May 15, 1997, Losurdo denied having previously injured his left knee. The Workers' Compensation Law Judge (WCLJ) found that accident, notice and causal relationship were established for Losurdo's injury, and awarded him wage replacement benefits.

The employer's carrier requested review of the WCLJ's decision. The carrier argued that medical records demonstrated a preexisting injury to Losurdo's left knee, and sought apportionment. The carrier also requested a fraud investigation pursuant to section 114-a (1) because at the hearing Losurdo denied a preexisting injury. At the new hearing, Losurdo professed that he had honestly not recalled any previous injury to his left knee when he testified in 1997. He admitted that the medical records refreshed his memory about the previous injury. On September 8, 1999, the WCLJ found that Losurdo had not violated section 114-a (1), and that no apportionment was necessary, citing *Matter of Peziol v VAW of Am.* (245 AD2d 877, 877 [3d Dept 1997] ["(I)nasmuch as claimant was able to effectively perform his job despite his noncompensable preexisting [ ] condition, apportionment does not apply"]).

On July 27, 2001, the Board modified the WCLJ's decision by finding that Losurdo had made "a misstatement of fact" concerning the injury site, which was material and violated section 114-a (1) "notwithstanding the fact that the claimant's compensable injury is not, as a matter of law, apportionable with his prior injuries." The Board rescinded all wage replacement awards after May 16, 1997; disqualified Losurdo from any future wage replacement benefits; and closed the case. The Board did not in any way contradict the establishment of the claim or the existence of a compensable injury. The Appellate Division affirmed (302 AD2d 703 [3d Dept 2003]), holding that the Board's determination of a statutory violation was sup-

_____

[2003] [decided today]), we hold that section 114-a (1)'s forfeiture penalty does not extend to medical benefits.

ported by substantial evidence, and that its interpretation of section 114-a (1) was reasonable. The Appellate Division did not independently review the penalty imposed.

B. *Machado*

Appellant Florencia[2] Machado sought workers' compensation benefits for a back injury that he sustained on June 13, 1989, while working as an auto mechanic for his employer, Pleasantville Ford, Inc. The WCLJ found that accident, notice and causal relationship were established for the injuries sustained, and awarded Machado compensation for total disability. In 1995, Machado was found to be partially disabled, and his wage replacement award was consequently reduced. Machado protested, claiming that he was totally disabled.

To investigate Machado's claim of total disability, the employer's carrier arranged for surveillance, which revealed that Machado was driving a taxi. At a new hearing requested by the carrier and held on September 26, 1996, Machado denied that he had "continued to do any work" since the accident. The carrier countered with the testimony of its investigator and the surveillance tape.

The WCLJ found that Machado was permanently partially disabled as a result of his work-related injury, notwithstanding his stint as a taxi driver. Alluding to the reduced earnings provisions in Workers' Compensation Law § 15 (3) (w), he disqualified Machado from all wage replacement benefits received from January through September of 1996 because Machado's income could not be determined for this period of time. The WCLJ also found that Machado had stopped working on September 26, 1996, and reinstated wage replacement benefits subsequent to that date at the rate for partial disability.

On November 30, 2000, the Board reversed the WCLJ's decision. The Board stated that section 114-a (1) contains two penalties—one mandatory and the other discretionary. Finding that Machado had received compensation attributable to his false statements and representations, the Board agreed with the WCLJ that section 114-a (1) required forfeiture of wage replacement benefits received by Machado from January through September of 1996. In addition, the Board disqualified Machado from receiving any wage replacement benefits subsequent to September 1996, and closed the case.

---

**2.** Appellant's name appears with various spellings in the record. We use the spelling in the papers submitted to us on this appeal.

The Appellate Division held that the Board's determination of statutory violation was supported by substantial evidence (305 AD2d 704 [3d Dept 2003]), and concluded that under section 114-a (1), the Board may cut off the entire monetary award or a portion of it. The Appellate Division's review of the penalty was limited to the observation that "[i]nasmuch as the penalty imposed by the Board is specifically authorized by the statute, we decline to disturb it" (*id.* at 706).

## II.

Section 114-a (1), which was added to the Workers' Compensation Law in 1996 as part of remedial legislation to repeal *Dole v Dow Chem. Co.* (30 NY2d 143 [1972]) and to curtail fraud, provides as follows:

> "If for the purpose of obtaining compensation pursuant to section fifteen of this chapter, or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation. In addition, as determined by the board, the claimant shall be subject to a disqualification or an additional penalty up to the foregoing amount directly attributable to the false statement or representation."

Preliminarily, we address the requirement that section 114-a (1) comes into play only when a claimant makes a false statement or representation as to a "material fact." Pointing to *People v Hunter* (34 NY2d 432 [1974]), appellant Losurdo insists that a false statement or representation is material only if it enables a claimant to receive compensation to which he was not otherwise entitled. But section 145 of the Social Services Law, the statute at issue in *Hunter*, differs markedly from section 114-a (1). Section 145 (1) makes it a crime to deliberately conceal a "material fact" when applying for public assistance benefits, providing that "[a]ny person who by means of a false statement or representation . . . *obtains or attempts to obtain . . . public assistance or care to which he is not entitled . . .* shall be guilty of a misdemeanor." (Emphasis added.) Thus, in *Hunter* we held that "[b]y definition, the fact concealed would not be material unless it allowed the defendant to obtain benefits to which he would not otherwise be entitled" (34 NY2d at 436 [internal quotation marks omitted]).

Section 114-a (1) places no comparable limitation on materiality. Accordingly, the "usual and commonly understood meaning" of the word "material" is all that the statute intends (*Matter of Orens v Novello*, 99 NY2d 180, 186 [2002] [citations omitted]; *see also Matter of Flow v Mark IV Constr. Co.*, 288 AD2d 779, 780 [3d Dept 2001] [holding that phrase "material fact" in section 114-a (1) is not unconstitutionally vague, "has a common understanding and is used, without definition, in many other statutory schemes"]). We hold that a fact is material for purposes of section 114-a (1) so long as it is "significant or essential to the issue or matter at hand" (*see* Black's Law Dictionary 611 [7th ed 1999]); therefore, a false statement need not affect the dollar value of an award to be material within the meaning of section 114-a (1). Losurdo's denial of a previous injury to his left knee was significant to his claim of entitlement to workers' compensation benefits and therefore was material.

Next, section 114-a (1) provides, as relevant here,[3] that if the Board determines that a claimant has made a false statement or representation as to a material fact, "such person *shall* be disqualified from receiving any compensation *directly attributable* to such false statement or representation" (emphasis added). The language is carefully crafted in that imposition of the penalty is mandatory ("shall") and a strong link must be established between the false statement or representation and the forfeited compensation ("directly attributable").

██ Further, "[i]n addition"[4] to the mandatory penalty, section 114-a (1) grants the Board discretion to impose "disqualification or an additional penalty" on a claimant who violates the statute. The "additional penalty" may not exceed the amount "directly attributable to the false statement or representation" (i.e., the amount of the mandatory penalty). Alternatively, the Board may impose "disqualification" which, by its plain meaning, allows forfeiture of all or a portion of wage replacement benefits. Thus, while the mandatory penalty requires a link between the falsehood and the forfeited compensation, the Board

---

**3.** Section 114-a (1) also specifies that the false statement or representation must be made "knowingly" and either "for the purpose of obtaining compensation" or "for the purpose of influencing any determination regarding" compensation. Whether these prerequisites for violation of the statute were met is not an issue in these appeals.

**4.** Appellant Machado argues that because he is not subject to a mandatory penalty, the Board cannot exercise its discretionary power to penalize him for his false statement. This argument is without merit as it ignores the Legislature's use of the phrase "[i]n addition."

may impose a discretionary penalty for violation of the statute whether or not the claimant is subject to the mandatory penalty (i.e., regardless of whether the false statement or representation enabled the claimant to receive compensation) (*see* Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 114-a, 2004 Pocket Part, at 68). Nothing in section 114-a (1) limits disqualification to cases where the false statement or representation negates the existence of a compensable injury. To the contrary, section 114-a (1) allows for penalties to be imposed where a compensable injury exists.

Both Losurdo and Machado contend that their disqualifications are not authorized by section 114-a (1) because they received no compensation "directly attributable" to a false statement. Losurdo argues that because his misstatement did not affect the Board's apportionment decision, no compensation is "directly attributable" to it, and thus no compensation is subject to forfeiture. Machado argues that because he has a nonschedule impairment, he can receive compensation for reduced earnings pursuant to Workers' Compensation Law § 15 (3) (w) even if he returns to work. Thus, his purported false statement did not enable him to receive any compensation to which he was not otherwise entitled, and so none of his compensation is subject to forfeiture.

These arguments have merit to the extent they relate to the mandatory penalty in section 114-a (1). Appellants, however, ignore the Board's discretionary power under section 114-a (1), which, if exercised properly, supports disqualification even though the forfeited compensation is not directly attributable to a claimant's false statement or representation.

### III.

We agree with the Appellate Division that substantial evidence supports the Board's findings that a violation of section 114-a (1) took place in both *Losurdo* and *Machado* (*see Matter of Phelps v Phelps*, 277 AD2d 736, 738 [3d Dept 2000]). We cannot determine from the records below, however, whether the Board imposed the disqualification penalties in these cases in accordance with section 114-a (1). In order for a reviewing court to assess whether section 114-a (1) has been properly applied, the administrative record must, at a minimum, reflect whether a mandatory or discretionary penalty was imposed. If mandatory, the record must demonstrate a link between the false state-

ment or representation and the forfeited compensation to show that the compensation was "directly attributable" to the false statement or representation. If the Board exercises its discretionary power, the record must reflect that the additional penalty does not exceed the mandatory penalty, or, in the case of disqualification, provide some basis for appellate review.

In *Losurdo*, the forfeited compensation was not "directly attributable" to a false statement because notwithstanding Losurdo's denial of a preexisting injury, the Board found that his injury was not apportionable and was, in fact, compensable under the statute. But in such a case, the statute does not require the Board to condone a claimant's misrepresentations and continue wage replacement benefits undiminished. While the mandatory penalty does not apply to Losurdo, section 114-a (1) vests the Board with discretion to disqualify him from wage replacement benefits so long as the penalty is not disproportionate to his offense (*see Matter of Harp v New York City Police Dept.*, 96 NY2d 892, 894 [2001]). On remand, the Board must reconsider whether or not blanket disqualification is justified and provide some explanation for its determination in this regard.

The Board properly applied section 114-a (1) in *Machado* to the extent that he was disqualified from receiving compensation from January through September of 1996. This compensation was directly attributable to Machado's false statement about his employment in that his earnings from employment affected his entitlement to reduced earnings compensation. The record does not, however, demonstrate whether the forfeiture of Machado's compensation subsequent to September 1996 was intended as a mandatory or as a discretionary penalty. Perhaps the Board's reversal of the WCLJ's decision was intended to overrule the finding of a permanent partial disability, and thus was a finding that Machado was not disabled and so was not entitled to any wage replacement, not even under the reduced earnings provision. In such a case, Machado's false statement concerning his ability to work would result in a mandatory penalty. Alternatively, if the WCLJ's finding of a permanent partial disability stands, then the Board's penalty can only be sustained if it was an exercise of discretion under section 114-a (1), and the record demonstrates that disqualification from all future wage replacement benefits is not disproportionate to Machado's offense.

Accordingly, the orders in *Losurdo* and *Machado* should be reversed, with costs, and these matters remitted to the Appel-

late Division, Third Department, with directions to remand to the Workers' Compensation Board for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and GRAFFEO concur.

In *Matter of Losurdo v Asbestos Free:* Order reversed, etc.

In *Matter of Machado v Pleasantville Ford*: On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.