■ In the Matter of the Claim of BRIAN WOODS, Appellant, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [810 NYS2d 580]—

Cardona, P.J. Appeal from an amended decision of the Workers' Compensation Board, filed September 20, 2004, which, inter alia, ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

Claimant sustained a work-related back injury in 1993 and thereafter began receiving workers' compensation benefits. However, it was subsequently determined that he violated Workers' Compensation Law § 114-a by falsely testifying at a hearing that he had not worked since the date of his injury when, as the employer and its workers' compensation carrier demonstrated via video surveillance, he had been working at a pizzeria/deli. Claimant appeals.

The Workers' Compensation Board's decision that claimant violated Workers' Compensation Law § 114-a by knowingly making a false statement is supported by substantial evidence in the record (see Matter of McCormack v Eastport Manor Constr., 19 AD3d 826, 828 [2005]; Matter of Bowes v Gulinello's Town & Country, 3 AD3d 805, 806 [2004]). As noted, claimant unequivocally testified under oath that he had not engaged in any form of employment since the date of his accident, while, in reality, video surveillance and testimony from investigators retained by the employer and its carrier clearly demonstrated the contrary. To the extent that claimant insisted that he had not worked and tried to offer an innocent explanation for his presence at the pizzeria/deli, such exculpatory assertions presented a credibility determination for the Board, which is the sole arbiter in

that regard (*see Matter of Michaels v Towne Ford*, 9 AD3d 733, 734 [2004]; *Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 928 [2003]).

Turning to the penalties imposed as a result of claimant's misrepresentation of a material fact, the Board properly rescinded the benefits which were directly attributable to said misrepresentation (*see* Workers' Compensation Law § 114-a [1]). As for the additional sanction of disqualifying claimant from receiving future wage replacement benefits, the Board possessed the discretion to do so (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-266 [2003]) and, under the circumstances herein, we find no abuse of that discretion.

Claimant's remaining contentions have been examined and found to be lacking in merit.

Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the amended decision is affirmed, without costs.