In the Matter of the Claim of SHARON HAMMES, Appellant, v SUNRISE PSYCHIATRIC CLINIC, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 258]—

Rose, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 20, 2007, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving wage replacement benefits.

Claimant received workers' compensation benefits for a permanent partial disability. At a hearing on the issue of whether she had fraudulently misrepresented the extent of her injuries in violation of Workers' Compensation Law § 114-a, the workers' compensation carrier presented the testimony of its investigator and video surveillance evidence of claimant's work activities. Claimant denied that she was employed and argued that she was merely helping out a friend. Finding that claimant was not credible and had misrepresented the degree of her disability, the Workers' Compensation Board imposed mandatory and discretionary penalties pursuant to Workers' Compensation Law § 114-a. Claimant now appeals and we affirm.

The Board is the sole arbiter of witness credibility (*see Matter of Monroe v Town of Chester*, 42 AD3d 862, 864 [2007]; *Matter of Michaels v Towne Ford*, 9 AD3d 733, 734 [2004]), and its determination that claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence (*see Matter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d 848, 849 [2009]; *Matter of Monzon v Sam Bernardi Constr., Inc.*, 60 AD3d 1261, 1262-1263 [2009]). Although claimant repre-

sented that she had not engaged in work activity for any employer on a paid or unpaid basis on 11 separate questionnaires filed with the carrier, there was corroborated testimony that she had worked by serving customers at a coffee shop and regularly made candy for sale at a confectionary store. This evidence, together with claimant's eventual admission that she had worked, but had not believed that limited part-time work was reportable, supports the Board's determination that she gave false testimony under oath and engaged in significant work-related activities while intentionally misrepresenting to the carrier that she was unable to work and had not been working (*see Matter of Bottieri v New York State Dept. of Taxation & Fin.*, 27 AD3d 1035, 1036-1037 [2006]; *Matter of Woods v New York State Thruway Auth.*, 27 AD3d 933, 933 [2006], *lv denied* 7 NY3d 716 [2006]; *Matter of Michaels v Towne Ford*, 9 AD3d at 734 [2004]; *Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683 [2003]).

We also cannot agree with claimant that the mandatory and discretionary penalties which the Board imposed are inappropriate. Given its determinations that claimant violated Workers' Compensation Law § 114-a and that her continued receipt of compensation was directly attributable to that violation, the Board was required to rescind those benefits (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 266-267 [2003]; *Matter of Peguero v Halo's Rest.*, 24 AD3d 986, 987 [2005]). In addition, the Board set forth a thorough explanation for the discretionary sanction, and we are unpersuaded that claimant's disqualification was disproportionate to her offenses (*see Matter of Losurdo v Asbestos Free*, 1 NY3d at 267; *Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1168 [2009]; *Matter of Retz v Surpass Chem. Co., Inc.*, 39 AD3d 1037, 1039 [2007]; *Matter of Harabedian v New York Hosp. Med. Ctr.*, 35 AD3d 915, 916 [2006]).

Kane, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.