■ In the Matter of the Claim of WESLEY CHURCH, Appellant, v ARROW ELECTRONIC, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 562]—

Stein, J.

Claimant injured his back in April 2003 while lifting boxes in a warehouse owned by the employer, underwent substantial back surgery in September 2003 and was awarded wage replacement benefits in December 2003. In December 2005, after surveillance and independent medical examinations of claimant, the workers' compensation carrier sought to suspend payments to him on the ground that he had voluntarily removed himself from the labor market. In addition, outstanding issues included permanency and degree of disability. After hearings were held, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be permanently partially disabled and awarded him payments of $166.53 per week.

The workers' compensation carrier applied for review by a panel of the Workers' Compensation Board. Based upon its determination that claimant "knowingly made false statements

and representations as to a material fact for the purpose of influencing the determination of workers' compensation benefits in violation of [Workers' Compensation Law] § 114-a," the Board rescinded the benefits awarded to claimant for the period from April 19, 2005 to May 18, 2006 and disqualified him from future receipt of wage replacement benefits from May 18, 2006 onward.[1] Claimant's subsequent application for review by the full Board was denied. Claimant now appeals both from the Board's decision reversing the WCLJ[2] and from the denial of his application for full Board review.[3]

Contrary to claimant's contention, we find that the Board's determination was supported by substantial evidence. Workers' Compensation Law § 114-a (1) provides that a claimant will be disqualified from receiving compensation attributable to a false statement or representation of a material fact made for the purpose of obtaining wage replacement benefits. Any compensation already paid to a claimant which is "directly attributable" to a claimant's misrepresentations must be rescinded by the Board (*Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265 [2003]). The Board also has the discretionary authority to disqualify the claimant from receiving any future wage compensation benefits regardless of "whether or not the claimant is subject to the mandatory penalty" (*id.* at 265-266), even if the claimant has suffered a compensable injury (*see id.* at 266; *Matter of Lopresti v Washington Mills*, 23 AD3d 725, 726 [2005]). In addition, the Board may subject the claimant to an additional penalty up to the amount directly attributable to the false statement or representation (*see* Workers' Compensation Law § 114-a [1]).

Here, claimant testified in a hearing before the WCLJ that, due to pain in his leg resulting from his back injury, he walked with a limp "[m]ost of the time" and that his activities were

---

**1.** The Board thereafter issued an amended decision, clarifying that it had rescinded the WCLJ's decision only insofar as it awarded claimant benefits.

**2.** We note that claimant failed to appeal from the Board's amended decision and the notice of appeal contains various errors, including the date of the notice and one instance in which it names someone other than claimant. Inasmuch as the amended decision is substantially the same as the original decision and there has been no claim of prejudice, we will disregard these failures as defects of form (*see* CPLR 5520 [c]) and address the merits of claimant's appeal (*see Matter of Deraway v Bulk Stor., Inc.*, 51 AD3d 1313, 1314 n 1 [2008]; *Matter of Barker v Buffalo Color Corp.*, 32 AD3d 1138, 1139 [2006]).

**3.** Claimant's appeal from the denial of his application for full Board review is deemed abandoned due to his failure to raise any issues with respect thereto in his brief on appeal (*see Matter of Jones v Gardner Motors*, 45 AD3d 1125, 1125 n [2007]).

extremely limited. He further testified that he could "lift a little," but that his pain was aggravated by sitting, lifting and bending. On the other hand, the carrier's examining physician testified that claimant "was only moderately cooperative and gave a fair effort" at his exam. He further testified that claimant appeared to be magnifying his symptoms and complained of more pain than the physician would have expected based on his objective findings. Additionally, at the time of examination, the physician noted that claimant walked "with a severe antalgic gait and a limp of his right leg," but then observed him walking through the parking lot immediately after the examination with "only a trace of a limp" and a much better gait. The carrier also submitted videotapes depicting, among other things, claimant—generally with a very slight limp—bending and picking up and swinging his grandchildren. Claimant's attempts to explain the discrepancies between his representations and the observations of the physician conducting the independent medical examination and the surveillance video presented issues of credibility that the Board was entitled to resolve (*see Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1252 [2009]). In our view, the Board's determination that claimant was in violation of Workers' Compensation Law § 114-a is supported by substantial evidence and, thus, it will not be disturbed (*see generally Matter of Losurdo v Asbestos Free*, 1 NY3d at 266; *Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1167 [2009]; *Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]).

Turning to the propriety of the sanctions imposed, while it is clear that the Board assessed a mandatory penalty, we are unable to discern from the Board's decision "a link between the false statement or representation and the forfeited compensation to show that the compensation was directly attributable to the false statement or representation" (*Matter of McCormack v Eastport Manor Constr.*, 19 AD3d 826, 828-829 [2005] [internal quotation marks omitted]). Thus, we must remit to the Board to further develop the underlying decision in this regard. However, we are unpersuaded by claimant's contention that the disqualification from receiving future benefits was disproportionate to his conduct, given the thorough explanation set forth by the Board in its assessment of this discretionary penalty (*see Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d at 1253).

Cardona, P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the decision filed July 2, 2007 is modified, without costs, by vacating so much thereof as directed disqualification of all

benefits received by claimant between April 19, 2005 and May 18, 2006; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the decision filed May 1, 2008 is affirmed, without costs.