■ In the Matter of the Claim of ENVER HADZAJ, Appellant, v HARVARD CLEANING SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [908 NYS2d 278]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 12, 2009, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving workers' compensation benefits subsequent to May 19, 2005.

Claimant sustained a work-related injury in 2000, was determined to be totally disabled and awarded workers' compensation benefits for compensable lost time beginning on August 7, 2001, the date on which claimant testified was the last day he performed any work. In 2005, the employer's workers' compensation carrier contended that claimant had been performing work for other employers which was inconsistent with his ongoing claim of total disability, and hearings were held to determine whether claimant had fraudulently misrepresented his work activities and receipt of income in violation of Workers' Compensation Law § 114-a. Ultimately, the Workers' Compensation Board ruled that claimant knowingly made material misrepresentations by failing to report income that he earned while he was receiving workers' compensation benefits for a total disability. Accordingly, the Board imposed mandatory and discretionary penalties pursuant to Workers' Compensation Law § 114-a, resulting in claimant's permanent disqualification from receiving any further compensation benefits for this claim as of May 19, 2005. Claimant appeals and we affirm.

The Board's determination that a claimant has violated Workers' Compensation Law § 114-a will be upheld if it is supported by substantial evidence (*see Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1167 [2009]). In that regard, "Workers' Compensation Law § 114-a authorizes the Board to disqualify a claimant from receiving future wage replacement benefits if it finds that the claimant knowingly made a false statement or misrepresented a material fact in order to obtain workers' compensation benefits or to influence any determination regarding such benefits" (*Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 927 [2003] [citation omitted]; *see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 264-266 [2003]). Notably, in making such a finding, the Board is vested with the discretion to evaluate witness credibility and to weigh conflicting evidence (*see Matter of Gropper v GPA Mech.*, 35 AD3d 947, 948 [2006]).

Here, claimant testified that the last day he performed work of any kind was August 7, 2001. Nonetheless, the record

includes evidence revealing that claimant had worked full time as a superintendent in one building and full time as a janitor in two other buildings beyond that date. In fact, property managers for each of those buildings provided information indicating that claimant had never missed time from work—either before or after 2001. Moreover, claimant's personal income tax returns for the years subsequent to his injury reflect income generated from that other employment; however, claimant did not inform the Board of such income until May 2005—and did so at that time only because the employer and carrier had raised the issue of his continued work activities. Accordingly, because the record amply supports the conclusion that claimant concealed his employment and income for the purposes of receiving benefits, the Board's decision that claimant violated Workers' Compensation Law § 114-a is supported by substantial evidence and we decline to disturb it (*see Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1253 [2009]; *Matter of Jordan v Saratoga County Pub. Health Nurses*, 45 AD3d 1074, 1075 [2007]; *Matter of Bottieri v New York State Dept. of Taxation & Fin.*, 27 AD3d 1035, 1036-1037 [2006]; *Matter of Fighera v New York City Dept. of Envtl. Protection*, 303 AD2d 861, 862-863 [2003], *lv denied* 100 NY2d 514 [2003]).

Claimant's related argument—that the income he received after 2001 was derived from labor he hired other individuals to perform although reported on his own tax return—is wholly unpersuasive (*see generally Matter of Woods v New York State Thruway Auth.*, 27 AD3d 933, 933 [2006], *lv denied* 7 NY3d 716 [2006]).

Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.