██ In the Matter of the Claim of RONALD BROWN JR., Appellant, v B&W ELECTRICAL CONTRACTORS INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [965 NYS2d 203]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed July 28, 2011, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.

Claimant, an electrician, successfully applied for workers' compensation benefits as the result of injuries he sustained while driving to a work site in 1998. A Workers' Compensation Law Judge found claimant to be permanently partially disabled and awarded him ongoing payments of $400 a week. The employer and its workers' compensation carrier thereafter sought to disqualify claimant from receiving benefits pursuant to Workers' Compensation Law § 114-a, alleging that he had knowingly misrepresented both his work status and the degree of his disability. The Workers' Compensation Board ultimately agreed, rescinded wage replacement benefits paid to claimant from November 2009 onward, and disqualified him from receiving those benefits in the future. Claimant now appeals.

Contrary to claimant's contention, substantial evidence supports the Board's determination that he made materially false or misleading statements "for the purpose of obtaining wage replacement benefits" (*Matter of Church v Arrow Elec., Inc.,* 69 AD3d 983, 984 [2010]; *see* Workers' Compensation Law § 114-a [1]; *Matter of Siddon v Advance Energy Tech.,* 98 AD3d 1202, 1202 [2012]). Claimant informed the carrier in November 2009 that he had not "engaged in any work activity," and later testified that he had not worked for pay beyond using his tractor to help a neighbor grade his driveway. Other evidence indicated, however, that he worked by purchasing the contents of abandoned self-storage units and reselling them, and that he further performed a variety of excavation and construction work. The Board was free to credit that evidence to determine not only that claimant violated Workers' Compensation Law § 114-a, but that the discretionary penalty of disqualifying him from receiving future benefits was appropriate (*see Matter of Losurdo v*

*Asbestos Free*, 1 NY3d 258, 265-266 [2003]; *Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1167-1168 [2009]; *Matter of Dieter v Trigen-Cinergy Solutions of Rochester*, 14 AD3d 748, 749 [2005], *appeal dismissed* 4 NY3d 881 [2005]).

Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.