Feters, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed September 12, 2012, which ruled that claimant violated Workers’ Compensation Law § 114-a and permanently disqualified him from receiving future wage replacement benefits.
Claimant sustained work-related injuries in September 2008 and received lost wage replacement benefits at varying levels from that time onward. Although claimant represented that he was not volunteering or doing unpaid work during this period, he in fact worked as a volunteer firefighter beginning in February 2009. When the extent of claimant’s volunteer activities *1135 became apparent, the employer and its workers’ compensation carrier requested that he be penalized pursuant to Workers’ Compensation Law § 114-a. Following a hearing, a Workers’ Compensation Law Judge found that claimant had knowingly made false statements regarding his employment status and that both the mandatory and discretionary penalties of Workers’ Compensation Law § 114-a were warranted. Claimant was accordingly disqualified from receiving future wage replacement benefits and, upon review, the Workers’ Compensation Board affirmed. Claimant now appeals.
Substantial evidence supports the Board’s determination that claimant violated Workers’ Compensation Law § 114-a, and we therefore affirm. Claimant or, at his behest, his wife represented that he was not performing any unpaid work in several questionnaires submitted to the carrier and independent medical examiners. He further repeatedly advised a Workers’ Compensation Law Judge, under oath, that he was not performing any volunteer work. Claimant did not dispute that he was performing duties as a volunteer firefighter at the time he made those statements; he asserted, however, that he did not view his work as a volunteer firefighter to be volunteering. The Board found claimant’s assertion to be incredible and, deferring to that assessment, ample support exists for the determination that claimant “engaged in significant work-related activities while intentionally misrepresenting to the carrier that [he] . . . had not been working” (Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1253 [2009]; see Matter of Cartuccio v New York State Dept. of Corr., 107 AD3d 1224, 1225 [2013]).
Claimant’s remaining argument, regarding the propriety of the penalty imposed against him, has been considered and rejected.
Stein, McCarthy and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.