*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: September 3, 2015                518387
_____

In the Matter of the Claim of
    JOELLEN M. PETRILLO,
                    Appellant,

        v
                                    MEMORANDUM AND ORDER
COMP USA et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Joellen M. Petrillo, Canandaigua, appellant pro se.

        Hamberger & Weiss, Rochester (Stephen Wyder Jr. of
counsel), for Comp USA and another, respondents.

_____

Garry, J.

        Appeal from a decision of the Workers' Compensation Board,
filed April 11, 2013, which ruled that claimant violated Workers'
Compensation Law § 114-a and disqualified her from receiving
further workers' compensation benefits.

        Claimant sustained work-related injuries to her back and
neck in 2005 and a consequential injury to her left knee in 2011.
In 2011, the employer's workers' compensation carrier raised the
issue of a possible non-work-related accident and injury.
Following a hearing, at which claimant's testimony indicated that
she had recently been employed, the carrier alleged that claimant

had violated Workers' Compensation Law § 114-a by, among other things, not informing the carrier of her employment. A Workers' Compensation Law Judge found that claimant had violated Workers' Compensation Law § 114-a and, based on both mandatory and discretionary penalties, that she was permanently disqualified from receiving future wage replacement benefits. The Workers' Compensation Board affirmed this decision and claimant now appeals.[1]

We affirm. "The Board is the sole arbiter of witness credibility and its determination that claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence" (Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1252 [2009] [citations omitted]; accord Matter of Tangorre v Tech Home Elec., LLC, 124 AD3d 1183, 1184 [2015]). Here, claimant testified at the initial hearing that she was enrolled in a part-time training position at a florist during the summer of 2011 that had only lasted a month and that she was not certain whether she had informed the carrier of the position. She also testified that, although it was supposed to be a paid position, she was not paid due to her refusal to participate in the training program.

The carrier thereafter submitted employment records from the florist, including payroll information, claimant's application for employment, tax documents and a signed acknowledgment that claimant received the florist's employment handbook. Claimant admitted at the second hearing that she had been paid $430 for her work and contended that she was owed more wages. Although she continued to maintain that she was participating in a vocational position intended to evaluate her ability to work and not actual employment, this presented a credibility determination for the Board to resolve. In our view,

---

[1] To the extent that claimant raises issues in her brief related to the denial of her application for reconsideration and full Board review, these issues are not properly before us, as claimant did not file a timely notice of appeal from that decision (see Workers' Compensation Law § 23; Matter of Visic v O'Nero & Sons Constr. Co., 74 AD3d 1646, 1647 n [2010]).

the Board appropriately determined that claimant violated Workers' Compensation Law § 114-a by making false representations regarding material facts and that the discretionary penalty of permanent disqualification from receiving wage replacement benefits was warranted (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265-266 [2003]; Matter of Hodzic v TTSI, Inc., 117 AD3d 1379, 1380 [2014]).  We have considered claimant's remaining contentions and, to the extent that they are properly before us, have found them to be without merit.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court