*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521231
_____

In the Matter of the Claim of
    KATHY M. MARTINEZ,
                        Appellant,
        v

KINGSTON CITY SCHOOL DISTRICT              MEMORANDUM AND ORDER
    et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

                    _____


        Law Offices of Richard C. Ebeling, Putnam Valley (Richard
C. Ebeling of counsel), for appellant.

        Ryan Roach & Ryan LLP, Kingston (Jill M. Johnson of
counsel), for Kingston City School District and another,
respondents.

                    _____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board
filed August 22, 2014, which ruled that claimant violated
Workers' Compensation Law § 114-a and disqualified her from
receiving further workers' compensation benefits.

        As a result of a January 2005 work-related accident,
claimant sustained compensable injuries to her left ankle and
lower back and was awarded wage replacement benefits.  Following

claimant's October 2009 arrest for insurance fraud, and based upon responses provided by claimant on a workers' compensation questionnaire denying participation in any work or volunteer activity since her 2005 accident and an investigation and a May 23, 2008 video surveillance of claimant, the employer sought to suspend her wage replacement benefits. A hearing ensued, after which a Workers' Compensation Law Judge (hereinafter the WCLJ) found that claimant knowingly misrepresented her volunteer activity with CitiVision, a youth-based camp formerly directed by her husband, in order to obtain workers' compensation benefits in violation of Workers' Compensation Law § 114-a (1). The WCLJ, having imposed a mandatory and discretionary penalty, rescinded benefits awarded to claimant from May 23, 2008 to November 9, 2009 and disqualified her from receiving future wage replacement benefits. Upon administrative review, the Workers' Compensation Board adopted and affirmed the decision of the WCLJ, and claimant now appeals.

Workers' Compensation Law § 114-a (1) provides that a claimant will be disqualified from receiving compensation attributable to a false statement or representation of a material fact made for the purpose of obtaining wage replacement benefits. Any compensation already paid to a claimant which is "directly attributable" to a claimant's misrepresentations must be rescinded by the Board (Workers' Compensation Law § 114-a [1]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]; Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984 [2010]). The Board also has the discretionary authority to disqualify the claimant from receiving any future wage replacement benefits regardless of "whether or not the claimant is subject to the mandatory penalty" (Matter of Losurdo v Asbestos Free, 1 NY3d at 265-266), even if the claimant has suffered a compensable injury (see id. at 266; Matter of Lopresti v Washington Mills, 23 AD3d 725, 726, [2005]).[1] In determining whether a claimant violated

_____

[1] Alternatively, the Board may, in its discretion, subject a claimant to a monetary penalty not to exceed the amount of benefits received that is directly attributable to the false statement or representation (compare Workers' Compensation Law § 114-a [1], and Matter of Losurdo v Asbestos Free, 1 NY3d 258,

Workers' Compensation Law § 114-a, we remain mindful that "'[t]he Board is the sole arbiter of witness credibility and its determination that claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence'" (Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015], quoting Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1252 [2009]; accord Matter of Tangorre v Tech Home Elec., LLC, 124 AD3d 1183, 1184 [2015]).

Here, claimant testified that she has not worked or volunteered since her 2005 accident and that she has not undertaken any duties relative to the operation of the CitiVision camp. She also acknowledged that she received questionnaires from the self-insured employer, including an August 8, 2008 questionnaire in which she denied having done any work or volunteer activity since her 2005 accident. Contrary to her testimony and questionnaire responses, an investigation and video surveillance conducted by a field investigator demonstrated that claimant was listed as a contact person for the CitiVision camp and that, on May 23, 2008 when the video surveillance was conducted, she was available in the camp's main office and answered questions about the camp's activities. Furthermore, claimant acknowledged that she might have assisted with answering the camp's telephone and that she was authorized to sign checks on behalf of CitiVision. In our view, the Board's determination that claimant violated Workers' Compensation Law § 114-a by making false representations regarding material facts for the purpose of obtaining wage replacement benefits is supported by substantial evidence and will not be disturbed (see Matter of Petrillo v Comp USA, 131 AD3d at 1283; Matter of Woods v New York State Thruway Auth., 27 AD3d 933, 933 [2006], lv denied 7 NY3d 716 [2006]).

Turning to the penalties imposed as a result of claimant's misrepresentation of a material fact, in our view the record evidence does not support the Board's determination that the mandatory penalty of forfeiture of benefits received applies from

265 [2003], with Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984 [2010]).

May 23, 2008 – the date of the video surveillance of claimant – to November 9, 2009, the date that claimant's wage replacement benefits were suspended. Specifically, we do not agree with the Board that the May 23, 2008 video surveillance of claimant reveals a false statement or misrepresentation made by claimant that is directly attributable to, and made for the purpose of obtaining, wage replacement benefits (see Matter of Losurdo v Asbestos Free, 1 NY3d at 265-266; Matter of Church v Arrow Elec., Inc., 69 AD3d at 985). Rather, the record before us establishes that the first instance that claimant affirmatively made a false statement and misrepresentation for the purpose of enabling her continued receipt of wage replacement benefits is the August 8, 2008 questionnaire in which she denied any involvement in work or volunteer activity.

As for the additional discretionary sanction of disqualifying claimant from receiving future wage replacement benefits, the Board failed to provide "the rationale for the imposition of a discretionary penalty" (Matter of McCormack v Eastport Manor Constr., 19 AD3d 826, 829 [2005]), and, therefore, absent any explanation for its decision to impose this penalty, the Board failed to satisfy its obligation to "provide some basis for appellate review" (Matter of Losurdo v Asbestos Free, 1 NY3d at 267; cf. Matter of Robbins v Mesivtha Tifereth Jerusalem, 60 AD3d 1166, 1168 [2009]; Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]; Matter of Lopresti v Washington Mills, 23 AD3d at 726). Upon remittal, if the Board determines, as a matter of discretion, that disqualification is warranted, it should "provide some explanation for its determination in this regard" (Matter of Losurdo v Asbestos Free, 1 NY3d at 267; see Matter of Bowes v Gulinello's Town & Country, 3 AD3d 805, 806 [2004]).

McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.

ORDERED that the decision is modified, without costs, by reversing so much thereof as directed recision of any benefits received by claimant prior to August 8, 2008 and disqualified claimant from receiving all future wage replacement benefits; benefits are rescinded from August 8, 2008 to November 9, 2009 and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court