Matter of Haven v F & F Custom Constr. Inc. (2018 NY Slip Op 06836)





Matter of Haven v F & F Custom Constr. Inc.


2018 NY Slip Op 06836


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

524590

[*1]In the Matter of the Claim of TROY HAVEN, Appellant,
v
F & F CUSTOM CONSTRUCTION INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Coughlin & Gerhart, LLP, Binghamton (Jeffrey A Brown of counsel), for appellant.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from a decision and an amended decision of the Workers' Compensation Board, filed May 5, 2016 and May 16, 2016, which, among other things, ruled that claimant was entitled to an award of workers' compensation benefits based upon a 42% schedule loss of use of his right hand, and (2) from a decision of said Board, filed April 10, 2017, which denied claimant's request for reconsideration and/or full Board review of the May 16, 2016 decision.
In January 2013, claimant was involved in a work-related accident that resulted in amputations of the middle, ring and small fingers of his right hand. Pursuant to a May 5, 2016 decision, as amended on May 16, 2016, the Workers' Compensation Board, among other things, awarded claimant benefits based upon a finding of a 42% schedule loss of use (hereinafter SLU) of his right hand. Claimant's subsequent requests for reconsideration and/or full Board review of both decisions were denied by decisions filed on April 3, 2017 and April 10, 2017. Claimant appeals the May 2016 decisions and the April 10, 2017 decision denying reconsideration and/or full Board review of the May 16, 2016 decision.[FN1]
We affirm. Initially, although claimant's physician stated that the injuries to all three fingers were "basically through the middle phalanx," the Board found that claimant's right middle and ring fingers were amputated at the middle phalanx and his right small finger was amputated [*2]at the distal phalanx. The Board's finding is consistent with the report of the surgeon who performed the amputation and, inasmuch as "the Board is vested with the authority to resolve conflicting medical opinions" (Matter of Bloomingdale v Reale Constr. Co., Inc., 161 AD3d 1406, 1409 [2018] [internal quotation marks and citations omitted]), it will not be disturbed.
The Board calculated a 42% SLU of the right hand based upon table 2.4 of the 2012 New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (hereinafter the guidelines). Pursuant to table 2.4 of the guidelines, the amputation of the middle, ring and small fingers at the middle phalanx would have equated to a 50% loss of use of his hand. Amputations of those fingers at the distal phalanx would have equated to a 25% SLU of the hand. Inasmuch as the middle and ring fingers were amputated at the middle phalanx and the small finger was amputated at the distal phalanx, the Board assigned a 50% SLU for each of the middle and ring fingers and a 25% SLU for the small finger, and averaged these values to calculate a 42% SLU of the right hand.
The guidelines further state that the SLU of the hand may also be calculated by "the usual method of calculations" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 17 [2012]). The usual method is based upon Workers' Compensation Law § 15 (3) and also takes into consideration the concept of loading (see Matter of Canfield v Thompson & Johnson Equip., 278 AD2d 741, 741 [2000], lv denied 96 NY2d 707 [2001])[FN2]. Using this method of calculation, the Board found a 38.4% SLU. Inasmuch as the calculations made pursuant to both methods were substantially equivalent, the Board concluded that the 42% SLU calculation based upon table 2.4 also accounted for loading (see id.).
Although claimant's physician opined that claimant suffered a 65% SLU, the Board "is free to accept or reject all or part of medical evidence that is offered" (Matter of Parody v Old Dominion Frgt. Line, 157 AD3d 1118, 1120 [2018]), and the Board rejected this opinion because it was based upon the physician's belief that all three fingers were amputated at the middle phalanx and that loading was not taken into account in the SLU percentages contained in table 2.4 of the guidelines [FN3]. Under these circumstances, we conclude that the Board's finding of a 42% SLU of the right hand that includes loading "comports with the medical evidence and is supported by substantial evidence" (id.; see Matter of Canfield v Thompson & Johnson Equip., 278 AD2d at 741). Claimant's remaining claims, to the extent not specifically discussed herein, have been reviewed and found to be without merit.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the decisions and amended decision are affirmed, without costs.



Footnotes

Footnote 1: Claimant's appeal from the denial of his application for reconsideration and/or full Board review of the May 16, 2016 decision is deemed abandoned, inasmuch as he failed to raise any issues with respect thereto in his brief on appeal (see Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984 n 3 [2010]).

Footnote 2: Loading is the "amount added to a schedule to allow for weakness of grasp or major loss of function when multiple digits are affected" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 16 [2012]).

Footnote 3: The Board also rejected the opinion of the employer's medical expert, who concluded that claimant suffered a 30% SLU of the right hand, without any explanation as to how he arrived at that figure.