Matter of Vazquez v Skuffy Auto Body Shop (2019 NY Slip Op 00333)





Matter of Vazquez v Skuffy Auto Body Shop


2019 NY Slip Op 00333


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526192

[*1]In the Matter of the Claim of LUIS VAZQUEZ, Appellant,
v
SKUFFY AUTO BODY SHOP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Luis Vazquez, Brentwood, appellant pro se.
Stewart Greenblatt Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Skuffy Auto Body Shop and another, respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 31, 2017, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
In 2013, claimant sustained a work-related injury to his back while working as an auto body technician and was awarded workers' compensation benefits for lost time at a temporary disability rate from March 11, 2013 to September 16, 2013, and from April 30, 2014 to August 23, 2014, and continuing thereafter. Claimant's workers' compensation benefits were suspended in November 2015. Upon claimant's application for reinstatement, the workers' compensation carrier raised the issue of a violation of Workers' Compensation Law § 114-a in connection with undisclosed work activity performed for a landscaping business. Following several hearings and claimant's submission of a detailed chronology of his work activities, the Workers' Compensation Law Judge found no violation. The Workers' Compensation Board reversed upon administrative review, determining that claimant knowingly made material misrepresentations regarding his return to work and was, thus, subject to mandatory disqualification of benefits from April 25, 2016 to December 28, 2016. Claimant was further disqualified from future indemnity benefits after December 29, 2016. Claimant appeals.
Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which "is the sole arbiter of witness credibility," and its decision will not be disturbed if supported by substantial evidence (Matter of Kodra v Mondelez Intl., Inc., 145 [*2]AD3d 1131, 1132 [2016] [internal quotation marks and citation omitted]; see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]).
The record establishes that claimant did not fully disclose his work activities with a landscaping business, Cutting Edge Preservation LLC, despite multiple opportunities to do so. Initially, claimant testified in July 2016 about his activities in 2014 and 2015 with another landscaping business, Extreme Landscaping. He claimed that he had helped a friend a few times doing general landscaping and snowplowing, receiving a total of $400 toward his rent. At a subsequent hearing, claimant continued to deny any ownership in Extreme Landscaping, but testified that he and his friend named the business and made fliers containing claimant's name and cell phone number in an attempt to increase customers. Significantly, claimant testified that, since the date of the accident in 2013, he had only worked for this one landscaping business. Claimant failed to identify Cutting Edge Preservation in a detailed chronology of his work activities filed in April 2016.
At a hearing conducted in September 2016, the carrier's investigators testified regarding claimant's 2014 bank records, including multiple checks deposited from Cutting Edge Preservation. Claimant explained that his friend did not have a Social Security number or legal status, and, thus, claimant merely cashed four checks from Cutting Edge Preservation — made out to claimant — on his friend's behalf, in exchange for money toward gas and his cell phone bill. Claimant also acknowledged that he received compensation for taking pictures of the landscaping work performed by Cutting Edge Preservation. In response to a subpoena, Cutting Edge Preservation submitted a contract signed by claimant in July 2014 regarding the rate of pay for landscaping services.
Claimant's explanations regarding his omission of the foregoing work activity and his denial of fraud presented a credibility issue for the Board to resolve (see Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1132; Matter of Martinez v Kingston City Sch. Dist., 140 AD3d at 1423). We find that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a by making false representations and omissions regarding material facts about his work activity for the purpose of obtaining workers' compensation benefits and, thus, the determination will not be disturbed (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1359 [2018]; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133; Matter of Martinez v Kingston City Sch. Dist., 140 AD3d at 1423).
Finally, we find no abuse of discretion in the Board's imposition of a penalty disqualifying claimant from receiving any future indemnity benefits in connection with the underlying workers' compensation claim. The Board noted that, despite multiple opportunities, claimant did not identify his work activity with Cutting Edge Preservation until an investigator ultimately uncovered that claimant cashed multiple checks from the company. Upon review, we find the Board's conclusion that claimant's conduct throughout the multiple hearings showed a pattern of deceit that was egregious to be supported by the record. Accordingly, we find no reason to disturb the Board's imposition of the discretionary sanction of disqualifying claimant from receiving future indemnity benefits (see Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [2016]; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]; cf. Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1132-1134). Claimant's remaining contentions have been reviewed and found to be without merit.
Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.