Matter of Teabout v Albany County Sheriff's Dept. (2020 NY Slip Op 02209)





Matter of Teabout v Albany County Sheriff's Dept.


2020 NY Slip Op 02209


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

526922

[*1]In the Matter of the Claim of Michele A. Teabout, Appellant,
v
Albany County Sheriff's Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for appellant.
Walsh & Hacker, Albany (Peter J. Walsh of counsel), for Albany County Sheriff's Department and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed September 14, 2017, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving future wage replacement benefits.
In 1997, claimant sustained a work-related injury to her foot, and a claim for workers' compensation benefits was established. The claim was subsequently amended twice to include other injuries. The self-insured employer thereafter raised the issue of whether claimant violated Workers' Compensation Law § 114-a and, following a hearing, a Workers' Compensation Law Judge found that claimant violated the statute. A penalty of a rescission of awards, as well as a disqualification of future awards, was imposed. In a September 2017 decision, a panel of the Workers' Compensation Board upheld the Workers' Compensation Law Judge's determination. Claimant appeals. We affirm.
"[A] person may be disqualified from receiving workers' compensation benefits when he or she knowingly makes a false statement or representation as to a material fact for the purpose of obtaining such benefits" (Matter of Calabrese v Fortini Inc., 179 AD3d 1279, 1280 [2020] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 114-a [1]; Matter of Felicello v Marlboro Cent. Sch. Dist., 178 AD3d 1252, 1253 [2019]). A fact is considered material when it is significant or essential to the issue or matter at hand (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]; Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d 1264, 1267 [2019]; Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d 1245, 1246 [2019]). If supported by substantial evidence, the Board's determination that a person violated Workers' Compensation Law § 114-a will not be disturbed (see Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d 1186, 1187 [2019]; Matter of Permenter v WRS Envtl. Servs. Inc., 172 AD3d 1837, 1838 [2019]).
The Board found that claimant violated Workers' Compensation Law § 114-a by making a false statement of fact about her work activities and by failing to disclose critical information to an examining physician. Our review of the record confirms these findings. Regarding her work activities, at a 2015 hearing, claimant testified that, since her classification with a permanent total disability, she had not worked in any capacity or run any businesses. Claimant, however, stated at the 2016 disqualification hearing that she operated a photography business and took photographs for parties and family events. Claimant was paid in cash for taking photographs, and she had employees that she would pay in cash. Claimant operated under a "DBA" and paid income tax for her photography business. As to the statements given to the physician who examined claimant, the physician testified that claimant had denied any psychiatric history prior to her work accident, as well as any family psychiatric history. Based on these denials, the physician diagnosed claimant with an adjustment disorder with a depressed mood that was causally related to her 1997 injuries. The physician testified that he subsequently received medical records that revealed "a very full plate of psychiatric issues and stressors that had nothing to do with the [1997] work accident." As a consequence of this information, the physician apportioned 50% of the adjustment disorder to these personal stressors and 50% to the 1997 injury. The physician further explained that his opinion changed because claimant was not entirely forthcoming.
Because substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a, it will not be disturbed (see Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d at 1246; Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015]; Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1340 [2011]). Furthermore, we find claimant's challenge to the imposed penalty to be without merit (see Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d at 1268; Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d at 1246-1247; Matter of Howard v Facilities Maintenance Corp., 143 AD3d 1032, 1033 [2016]). Claimant's remaining assertions have been examined and are likewise without merit.
Egan Jr., J.P., Clark and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.