■ In the Matter of the Claim of DARRYL PASSARI, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 254]—

Mugglin, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 24, 2003 and June 3, 2003, which, inter alia, ruled that claimant did not make false representations in violation of Workers' Compensation Law § 114-a and amended claimant's work-related injury to include his right knee.

Claimant, a mason, was assaulted and robbed when he reported to work the morning of March 31, 1999. He was immediately taken to the emergency room where he reported headaches, double vision and a laceration to the right eye. Thereafter, during treatment with orthopedic surgeon William Unis in April 1999, he complained of an injury to his right knee. A workers' compensation claim was filed on claimant's behalf and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for a work-related injury to claimant's face, and later amended it to include claimant's teeth, right eye and posttraumatic stress disorder. The case was continued. Thereafter, the self-insured employer conducted an investigation of claimant's activities between June 1999 and June 2000, recorded on surveillance videotape, which showed him engaged in various construction-related tasks. The self-insured employer introduced this evidence at additional hearings before the WCLJ, and contended that claimant was precluded from receiving benefits because he made false statements in violation of Workers' Compensation Law § 114-a. The WCLJ concluded, among other things, that there had been no violation of Workers' Compensation Law § 114-a and further amended claimant's work-related injury to include his right knee. The Workers' Compensation Board upheld the WCLJ's findings in this regard, but also found that claimant did not have a further causally related disability as of May 20, 1999 and rescinded the authorization for surgery. The self-insured employer appeals.

Workers' Compensation Law § 114-a (1) provides, in relevant part: "If for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." Although the Board's factual finding as to whether there has been a violation of the statute will be upheld if supported by substantial evidence (see Matter of Phelps v Phelps, 277 AD2d 736, 738 [2000]), substantial evidence does not support the Board's finding here.

Indeed, the overwhelming evidence establishes that claimant knowingly concealed his physical capabilities in order to obtain benefits. Initially, in April 1999 just after the incident, he presented to Unis with a limp and reported that his right knee had been stepped on during the assault and was severely injured. At a follow-up visit in May 1999, he reported that his knee felt "almost dislocated." Unis advised him not to work and, in subsequent C-4 reports, indicated, based upon his examination of and interaction with claimant, that claimant was disabled and not working.

However, as a result of its investigation, the self-insured employer obtained a surveillance videotape depicting claimant engaged in a variety of construction-related tasks between June 1999 and June 2000, such as pushing a wheelbarrow, shoveling dirt, digging a hole, lifting heavy materials, climbing a ladder and swinging a pickax. Claimant's testimony concerning such activities was evasive at best. He acknowledged that he had performed some home improvement type activities, but stated that it was in the context of accompanying his buddies to job sites and occasionally lending them a hand. Moreover, although he admitted to performing some of the construction activities videotaped, he attempted to minimize their significance by referencing the fact that he was accustomed to doing heavy work for years. He acknowledged, however, that he never reported such work activities to Unis. Unis confirmed that he was unaware that claimant was performing such activities until he viewed the surveillance videotape as they had not been reported to him by claimant. Notwithstanding the videotape, however, he stated that he was still of the opinion that claimant was disabled, based on the fact that claimant had a very high tolerance for pain. Under the circumstances presented here, claimant, through his failure to affirmatively disclose highly relevant information to Unis and his prevaricative testimony at the hearing, effectively perpetrated a fraud in order to obtain benefits in violation of Workers' Compensation Law § 114-a (*see e.g. Matter of Fighera v New York City Dept. of Envtl. Protection*, 303 AD2d 861 [2003], *lv denied* 100 NY2d 514 [2003]). Unis's opinion concerning claimant's disability after viewing the videotape is irrelevant to claimant's violation of Workers' Compensation Law § 114-a. In light of our disposition, we need not address the self-insured employer's remaining claim.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.