■ In the Matter of the Claim of Ronald Bottieri, Appellant, v New York State Department of Taxation and Finance et al., Respondents. Workers' Compensation Board, Respondent. [811 NYS2d 493]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 13, 2004, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

Claimant sustained work-related injuries in January 1994 and subsequently was classified with a marked permanent partial disability and awarded benefits. Claimant thereafter

completed two State Insurance Fund questionnaires, one in July 1997 and the other in January 1998, wherein he indicated, among other things, that he had not worked in any capacity since his injury and that his physical activities consisted of taking walks when able to do so. In response, the carrier raised a question of fraud and the case was reopened. Following various hearings, at which claimant, his brother and the investigators who conducted surveillance of claimant appeared and testified, a workers' compensation law judge found that although the evidence was insufficient to sustain a violation of Workers' Compensation Law § 114-a, the proof adduced established that claimant had a substantial wage earning capacity and had voluntarily removed himself from the labor market. Upon review, a panel of the Workers' Compensation Board reversed, finding that contrary to the representations made by claimant in the January 1998 questionnaire, claimant engaged in work activities at his brother's business. Thus, the Board determined that claimant knowingly made a false statement for the purpose of ensuring a continued award of benefits. As to penalty, the Board imposed the mandatory and discretionary penalties provided for in Workers' Compensation Law § 114-a (1) and disqualified claimant from receiving wage replacement benefits. This appeal by claimant ensued.

We affirm. The Board's determination that claimant violated Workers' Compensation Law § 114-a is factual in nature and will be upheld if supported by substantial evidence in the record as a whole (*see Matter of Lopresti v Washington Mills*, 23 AD3d 725, 726 [2005]). Here, even setting aside the videotape and the testimony of the relevant investigators, the testimony offered by claimant and his brother is more than sufficient to sustain the Board's finding that claimant engaged in work activities during the time period at issue. In this regard, claimant and/or his brother testified that claimant was present at the brother's automotive business five days each week. While there, claimant, who had prior experience in automobile sales, would run errands for his brother, answer the telephone, jockey cars around the lot, put gasoline in cars, pick up and deliver vehicles to the detail shop, perform minor touch-up work on vehicles prior to delivery to a customer, accompany potential customers on test drives, promote and occasionally negotiate sales with customers, change license plates and obtain title and vehicle registration documents from the local department of motor vehicles. Such activities stand in sharp contrast to claimant's prior assertion that he had not worked in any capacity since his injury and lived a "sedate" lifestyle. Notwithstanding claimant's protestations to the contrary, the mere fact that claimant did not receive

any payment for performing the foregoing services is of no moment. Simply put, claimant's failure to accurately disclose his level of activity and, specifically, the services he performed at his brother's business is more than sufficient to sustain a violation of Workers' Compensation Law § 114-a (*see Matter of McCormack v Eastport Manor Constr.*, 19 AD3d 826, 828 [2005]). Claimant's remaining contentions, including his assertion that the penalty imposed was disproportionate to the underlying offense, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.