■ In the Matter of the Claim of BENI ENGOLTZ, Appellant, v STEWART'S ICE CREAM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 736]—

Malone Jr., J.

Prior to the hearing, the employer's risk management company sent claimant, who now resides in Israel, a questionnaire that asked if he had been "receiving any earnings," to which he responded in the negative.* Because he was not asked about such activities, claimant did not report on the questionnaire that he performed duties, without receiving pay or other monetary benefit, on behalf of various organizations that support competitive swimming in Israel, including a corporation that he had formed with two others in order to legally import swimming gear accessories from the United States. However, at the ensuing hearing, when he was asked about them, claimant was forthright about the activities that he performed in Israel, testified that he received no compensation in any form as a result of those activities and provided his tax returns as proof. Inasmuch as the record is devoid of any evidence that claimant actually received any earnings or was otherwise compensated in any way for his efforts, and considering claimant's complete candor at the hearing regarding his activities, the record does not support a finding that claimant "knowingly [made] a false statement or representation as to a material fact" for the purpose of receiving benefits (Workers' Compensation Law § 114-a [1]; *see generally Matter of Passari v New York City Hous. Auth.*, 13 AD3d 853 [2004]; *cf. Matter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d 848 [2009]). Instead, the record reveals that claimant responded honestly to the questions asked of him, both on the questionnaire and at the hearing.

Mercure, A.P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* It is notable in this case that, instead of asking whether claimant was or had been employed or had returned to work in any capacity (*see e.g. Matter of Bottieri v New York State Dept. of Taxation & Fin.*, 27 AD3d 1035 [2006]), the questionnaire here asked only whether claimant had been receiving "earnings," which was specifically defined as "cash, wages, or salary received from self-employment, any employer other than the employer where you were injured, commissions or bonuses, cash value for all payments received in any other method other than cash (such as a building custodian receiving an apartment rent free)."