OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
The People charged defendant, an orthopedic surgeon, with four counts of offering a false instrument for filing in the second degree (Penal Law § 175.30), insurance fraud in the fifth degree (Penal Law § 176.10), and petit larceny (Penal Law § 155.25), alleging that over a period of several years, defendant had filed reports with the Workers’ Compensation Board (Board), affirmed under the penalty of perjury, to the effect that his patient was totally disabled from his work as a corrections officer and was not, in fact, working, while knowing, from his own examinations of the patient and his observations of the patient engaged in substantial work activities, that these reports were false. Following a nonjury trial, defendant was found guilty of the often *27 ses charged. Defendant challenges the sufficiency of the proof, arguing that the questions at issue on the reports (the C-4 forms) were sufficiently vague and ambiguous as to permit the inference that defendant’s responses thereto were both responsive to the questions and factually true. Defendant also argues that the proof was legally insufficient to establish defendant’s knowledge of facts sufficient to establish that his answers were knowingly false, and that the verdict, in any event, was against the weight of the evidence.
Viewed in the light most favorable to the People (People v Contes, 60 NY2d 620 [1983]), the evidence sufficed to establish that, although purportedly “totally disabled” from his regular work duties and not working, defendant’s patient was, in fact, not totally disabled and was engaged, often on a full-time basis and for many months, as the general contractor for the reconstruction of defendant’s office building and on renovations at defendant’s home and grounds. The patient’s activities included hiring subcontractors, purchasing construction materials, and supervising work in progress. According to several of the subcontractors who testified for the People, the patient was also personally involved in the labor of cutting wood, installing dividing walls, shelves and moldings, clearing areas of boxes, wood and heavy equipment to permit subcontractors to perform their work, water blasting the finished exterior, and operating an earth mover, thereby establishing that, contrary to defendant’s statement on the C-4 forms, the patient was capable of, and was in fact, working. Furthermore, the contractors testified that defendant, who engaged his patient to perform the functions of general contractor on the construction sites, visited the site on many occasions when the patient was present and engaged in his general contracting activities. The proof also established that defendant had personally paid many of the subcontractors and laborers and reimbursed his patient for purchases and payments. Defendant’s actual knowledge that the patient was not only working in the management sense but performing physical labor of a form inconsistent with defendant’s medical reports, was established by a contractor who testified that when he brought construction materials to the office work site, defendant was present and observed that the room where the windows were to be installed contained boxes and construction materials which obstructed the installation process, that defendant ordered his patient to empty the room, and that the patient did so, without assistance. The People also *28 proved, via many other C-4 forms and related documents filed by defendant with the Board, that defendant was familiar with the forms and the information sought by the Board.
We note that a defense to perjury will not lie by the tactic of “isolating a statement from context, giving it in this manner a meaning entirely different from that which it has when the testimony is considered as a whole” (People v Neumann, 51 NY2d 658, 667 [1980] [internal quotation marks omitted], quoting United States v Bonacorsa, 528 F2d 1218, 1221 [2d Cir 1976]), and that it is ordinarily a question for the finder of fact “when a perjury defendant claims that his answers to questions asked were truthful because he ascribed a particular meaning to a word, to determine from the context in which the word was used whether the claim is valid” (People v Neumann, 51 NY2d at 667).
We find these principles applicable to the facts herein, and we are satisfied that the proof supported the City Court’s conclusion that defendant understood the nature of the questions as to the meaning and scope of the patient’s disability (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]) and whether the patient was working at any job. The evidence was also legally sufficient to establish that defendant had falsely answered the questions, knowing that, if his answers were credited by the Board, the natural and inevitable consequence would be that the patient would obtain workers’ compensation benefits to which he was not entitled. Such conduct also established that defendant had committed insurance fraud and larceny. Whether or not the patient was compensated for his work is of no consequence (Matter of Bottieri v New York State Dept. of Taxation & Fin., 27 AD3d 1035 [2006]). As there was no challenge at trial to the legal sufficiency of the proof of the remaining elements of the offense of offering a false instrument for filing in the second degree, defendant failed to preserve any issue with respect thereto (CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19-21 [1995]).
In conducting our independent weight of the evidence review (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we consider the evidence adduced at this nonjury trial in light of the elements of the offenses (People v Race, 78 AD3d 1217, 1219 [2010]; People v Muojo, 32 Misc 3d 130[A], 2011 NY Slip Op 51307[U] [App Term, 9th & 10th Jud Dists 2011]; see also People v Danielson, 9 NY3d at 349), and must determine whether, “based on all the credible evidence a different finding *29 would not have been unreasonable” (People v Bleakley, 69 NY2d 490, 495 [1987]). Only if a different conclusion would have been reasonable does an appellate court “weigh the relative probative force of conflicting testimony and the strength of conflicting inferences that may be drawn from the testimony” (id.; see also People v Romero, 7 NY3d 633, 643 [2006]).
There is no basis to disturb the judgment as against the weight of the evidence. According, as we must, the appropriate deference to the factfinder’s credibility determinations, based on its opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d at 495), we find that the judgment was not against the weight of the evidence. The testimonies of the People’s witnesses appear truthful on their face, they are internally consistent as to material fact, and established that defendant knew, when he filled out the C-4 forms, that his patient was “working” within the meaning of question seven on the form, and not “totally disabled” within the meaning of question eight on the form. In so falsifying the C-4 forms, and filing said forms with the Board, defendant offered false instruments for filing in the second degree and committed insurance fraud in the fifth degree and petit larceny.
Accordingly, the judgment of conviction is affirmed.
Molía, J.E, LaCava and Iannacci, JJ., concur.