Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed May 7, 2010, which ruled that claimant violated Workers’ Compensation Law § 114-a and, among other things, disqualified him from receiving future wage replacement benefits.
Claimant was self-employed in May 2005 when, while riding *1303 his motorcycle during the course of his work, he was involved in an accident when a pickup truck turned in front of him. As a result of the accident, claimant suffered established injuries to his ribs, head, neck, back, left shoulder and left clavicle, including a right orbital fracture, pulmonary contusions, collapsed lungs and a traumatic brain injury, and also was diagnosed with adjustment disorder with depressed mood and anxiety condition and post-concussive syndrome. Claimant thereafter was awarded workers’ compensation benefits at a total temporary disability rate beginning in May 2005 and, beginning in November 2005, received benefits at a partial disability rate. The State Insurance Fund, as the workers’ compensation carrier, controverted claimant’s receipt of benefits and, in September 2008, raised the issue of whether claimant fraudulently misrepresented the extent of his incapacity in violation of Workers’ Compensation Law § 114-a. Ultimately, the Workers’ Compensation Board ruled that claimant knowingly made false statements for the purpose of receiving benefits and, therefore, all benefits received subsequent to September 8, 2008 were forfeited. In addition, the Board assessed a discretionary penalty and disqualified claimant from receiving wage replacement benefits beginning January 7, 2010. Claimant now appeals.
Pursuant to Workers’ Compensation Law § 114-a (1), a person may be disqualified from receiving workers’ compensation benefits when he or she “knowingly [makes] a false statement or representation as to a material fact” for the purpose of obtaining such benefits (see Matter of Engoltz v Stewart’s Ice Cream, 91 AD3d 1066, 1067 [2012]; Matter of Hadzaj v Harvard Cleaning Serv., 77 AD3d 1000, 1001 [2010], lv denied 16 NY3d 702 [2011]). Here, the Board concluded that claimant was in violation of the statute by misrepresenting the extent of his physical disabilities and denying that he had engaged in certain activities. However, because the Board’s decision contains a number of factual inaccuracies and mischaracterizations of claimant’s testimony, we now reverse.
The Board found that claimant testified on September 8, 2008 that “he can only do light work-like activities for short periods of time, up to one hour and a half [and] that he can’t lift things” — an assertion that the Board contends is belied by a surveillance video showing claimant loading a trailer with stones, cutting wood with a chain saw and piling wood for a “significant” period. Contrary to the Board’s assertion, claimant actually testified, “I cannot pick things up, I cannot move things like I used to” (emphasis added), and he readily admitted that he tried to do as much physical work as possible per his doctor’s *1304 orders, which included using a chain saw to cut wood used for the furnace that provided heat and hot water to his property. Additionally, the surveillance video reveals that claimant labored to complete the physical tasks depicted — none of which continuously exceeded 90 minutes — and his efforts were punctuated by long periods of inactivity. Claimant also is observed frequently leaning against or grabbing stationary objects to gain stability. And, to the extent that the Board cited the work performed by claimant on a piece of rental property that he owns, the record clearly demonstrates that the property was purchased and the restoration completed prior to claimant’s accident.
Finally, we cannot agree that claimant’s response to a question regarding whether he “ever loaded large corrugated plastic pipe onto trailers” qualified as a knowingly false statement pursuant to Workers’ Compensation Law § 114-a. Although the surveillance video indeed showed claimant performing such a task, claimant’s response, as clarified by a follow-up question, simply indicated that he had no memory of the event.* Even assuming that this equivocal “denial” amounted to a knowingly false statement, we cannot conclude, as the Board did, that such statement was made for the purpose of obtaining benefits— particularly when claimant readily admitted to engaging in activity that was far more physically taxing. Under these circumstances, we cannot say that the Board’s decision was supported by substantial evidence in the record as a whole (see Matter of Engoltz v Stewart’s Ice Cream, 91 AD3d at 1067; compare Matter of Passari v New York City Hous. Auth., 13 AD3d 853, 855 [2004]). In light of our holding, claimant’s remaining contentions are academic.
Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

 We note that letters in the record from medical personnel at the Greene County Mental Health Center who treated and evaluated claimant indicate that claimant’s thoughts are “disordered, disorganized and tangential” and that he has a “poor memory.”