■ In the Matter of Claim of SALVATORE A. CARTUCCIO, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [967 NYS2d 487]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 12, 2012, which ruled that claimant violated Workers' Compensation Law § 114-a and permanently disqualified him from receiving future wage replacement benefits.

Claimant's workers' compensation claim was established for stress-related symptoms due to his work as a correction officer, and his injury was classified as a permanent partial disability in 2001. In 2010, the employer and its workers' compensation carrier sought further proceedings before the Workers' Compensation Board, alleging that claimant had knowingly misrepresented his activities as a horse trainer. A Workers' Compensation Law Judge agreed that claimant had committed fraud by claiming that his activities were no more than a therapeutic hobby and, pursuant to Workers' Compensation Law § 114-a (1), permanently disqualified him from receiving wage replacement benefits after April 2009. The Board affirmed, and claimant now appeals.

Claimant argues that substantial evidence does not support the Board's determination that he failed to disclose his work as a horse trainer. We disagree. Claimant is admittedly licensed to train horses, and the record reveals that he did so during the racing season each year at the Monticello Raceway through 2010. He worked a part of every day of the week in that capacity, expended significant sums of money on horses in his care, bought and sold them, and earned income when horses he trained or owned performed well in races. Despite this extensive activity, however, he repeatedly reported to the employer that he had not engaged in any paid or unpaid work since his injury.

Although claimant testified that the carrier's staff advised him that he would not have to report his horse training as work if he earned less than $10,000 a year doing it, the Board credited the testimony of the carrier's witnesses that they did not give him any such advice and, instead, they urged him to consult with his attorney about the effect his activity would have on his workers' compensation benefits. The Board credited that evidence over claimant's testimony, as it was entitled to do (*see Matter of Poulton v Griffin Mfg. Co.*, 102 AD3d 1071, 1072 [2013]; *Matter of Cucinella v New York City Tr. Auth.*, 102 AD3d 1066, 1067 n [2013]). Accordingly, we find that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a (*see Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1252-1253 [2009]; *Matter of Bottieri v New York State Dept. of Taxation & Fin.*, 27 AD3d 1035, 1036-1037 [2006]; *cf. Matter of Engoltz v Stewart's Ice Cream*, 91 AD3d 1066, 1067 [2012]).

We have considered claimant's remaining arguments and find them to be unavailing.

Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.