*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 20, 2016                    521734
_____

In the Matter of the Claim of
    FERN H. LEISING,
                    Respondent,

        v

WILLIAMSVILLE CENTRAL SCHOOL              MEMORANDUM AND ORDER
    DISTRICT et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:    September 9, 2016

Before:    McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Hamberger & Weiss, Buffalo (Kristin M. Machelor of
counsel), for appellants.

_____

Aarons, J.

        Appeal from an amended decision of the Workers'
Compensation Board, filed December 11, 2014, which ruled, among
other things, that claimant did not violate Workers' Compensation
Law § 114-a and revised her workers' compensation benefits.

        Claimant began receiving workers' compensation benefits in
2010 stemming from a work-related injury.  A hearing was held to
determine whether claimant violated Workers' Compensation Law
§ 114-a based upon her failure to disclose her part-time
employment at a golf course.  Although such a violation was
found, the Workers' Compensation Law Judge (hereinafter WCLJ) did
not impose a mandatory penalty "as the earnings were negligible."

The WCLJ instead imposed a discretionary penalty of a lifetime disqualification from further compensation benefits.  The Workers' Compensation Board, in a January 2014 decision, reversed the WCLJ's determination and concluded that, even if claimant had made an intentional misrepresentation to the employer's workers' compensation carrier regarding her work status, the element of materiality was lacking.  The Board denied the subsequent application by the employer and its carrier for full Board review.  The Board, however, issued an amended decision in December 2014, which adhered to its prior decision but, instead of finding a lack of materiality, it concluded that insufficient evidence existed to show that claimant attempted to conceal her part-time employment from the carrier.  The employer and its carrier appeal.

A claimant may be disqualified from receiving workers' compensation benefits "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, [he or she] knowingly makes a false statement or representation as to a material fact" (Workers' Compensation Law § 114-a [1]).  When supported by substantial evidence, the Board's findings as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed (see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]; Matter of Petit v Syracuse Hous. Auth., 30 AD3d 797, 798 [2006]).  Where, however, substantial evidence does not support the Board's determination and such determination is premised upon factual inaccuracies or a mischaracterization of the record, reversal is warranted (see Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d 1074, 1075 [2015]; Matter of Donato v Aquarian Designs, Inc., 96 AD3d 1302, 1303 [2012]; Matter of Passari v New York City Hous. Auth., 13 AD3d 853, 854-855 [2004]).

We find that substantial proof is lacking to support the Board's amended decision.  Here, in June 2011, Sharon Newman, an adjuster for the carrier, sent claimant a questionnaire asking her, among other things, whether she had "worked in any capacity."  Claimant, through her attorneys, initially responded that she was working, but her attorneys later rescinded that response by stating that it contained an error and should have

stated that claimant was not working. Claimant also sent her own individual response to the questionnaire but did not state therein whether or not she was working in any capacity. Furthermore, between 2010 and 2012, progress reports by claimant's doctor noted that claimant was not working. In October 2012, when claimant called Newman for an authorization for prescription medication, Newman noticed on the phone's caller identification that claimant was calling from "the Par 3 golf course." Newman advised claimant that she needed to speak with a doctor and would have to call her back with a response. Instead of calling claimant's cell phone, Newman called the golf course. Claimant answered Newman's call by stating "Par 3 golf course." An investigator was immediately dispatched to the golf course and he took video surveillance of claimant. The investigator disclosed in a report that claimant had stated that she had been working at the golf course for approximately four years.

Under these circumstances, we cannot conclude that the proof was of "such quality and quantity as to generate conviction in and persuade a fair and detached fact finder" that claimant did not attempt to conceal her employment activities (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). To the contrary, the record reveals that, even though claimant was admittedly employed at a golf course during the summers of 2010, 2011 and 2012, claimant, in response to the inquiries by the carrier as to her work status, never affirmatively disclosed such employment and, in fact, denied any employment activity (see Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d at 1076-1077; Matter of Passari v New York City Hous. Auth., 13 AD3d at 855; Matter of Fighera v New York City Dept. of Envtl. Protection, 303 AD2d 861, 862 [2003], lv denied 100 NY2d 514 [2003]).

While the Board found that claimant's attorneys advised Newman's predecessor in 2010 about claimant's part-time employment, this finding is premised on uncorroborated hearsay (see Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355 [2016]). Furthermore, although it is within the Board's purview to assess the credibility of the witnesses (see Matter of Lleshi v DAG Hammarskjold Tower, 123 AD3d 1386, 1387 [2014]), we, unlike the Board, discern no deviations or inconsistencies between

Newman's affidavit and her hearing testimony giving rise to a credibility issue. Rather, Newman's affidavit, viewed in conjunction with her testimony, reveals that, when Newman called the golf course and asked claimant whether she was working, claimant denied being employed. Claimant's hearing testimony likewise did not contradict Newman's recollection of that conversation inasmuch as claimant remembered Newman asking her about her work status. Instead of answering Newman's question, however, claimant "avoided the conversation" and never affirmatively stated whether or not she was employed (see Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1253 [2009]; Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]; Matter of Passari v New York City Hous. Auth., 13 AD3d at 855; compare Matter of Engoltz v Stewart's Ice Cream, 91 AD3d 1066, 1067 [2012]). As such, this was not a situation in which credibility was at issue.

In light of the foregoing, remittal to the Board is necessary for a determination as to whether claimant's failure to disclose her seasonal work "was material, and done both knowingly and for the purpose of obtaining benefits" (Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d at 1077; see Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 985 [2010]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court