Matter of Persons v Halmar Intl., LLC (2019 NY Slip Op 02760)





Matter of Persons v Halmar Intl., LLC


2019 NY Slip Op 02760


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

526722

[*1]In the Matter of the Claim of MATTHEW PERSONS, Appellant,
v
HALMAR INTERNATIONAL, LLC, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for appellant.
Walsh and Hacker, Albany (Matthew C. Kidd of counsel), for Halmar International, LLC and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed September 11, 2017, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.
Claimant, a construction laborer, sustained work-related injuries to his right shoulder, left shoulder, neck, back and hips, as well as posttraumatic stress disorder and depression, in an October 2015 accident wherein he was rescued from inside a large pipe after it began to fill with water. Claimant was awarded workers' compensation benefits at a total temporary disability rate. Thereafter, the workers' compensation carrier raised an issue regarding fraud and claimant's violation of Workers' Compensation Law § 114-a. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant engaged in fraud by greatly exaggerating his condition and failing to disclose his volunteer firefighter activities. The WCLJ imposed a mandatory and discretionary penalty, rescinded indemnity benefits awarded to claimant after October 11, 2015 and disqualified him from receiving future wage replacement benefits. The Workers' Compensation Board affirmed the WCLJ's decision and also denied claimant's application to reopen the proceedings. Claimant appeals.
Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." When the Board's findings are supported by substantial evidence, its decision will not be disturbed (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1359 [2018], lv denied 32 NY3d 914 [2019]; Matter of Leising v Williamsville Cent. Sch. Dist., 143 AD3d 1107, 1108 [2016]). "Where, however, substantial evidence does not support the Board's determination and such determination is premised upon factual inaccuracies or a mischaracterization of the record, reversal is warranted" (Matter of Leising v Williamsville Cent. Sch. Dist., 143 AD3d at 1108 [citations omitted]; see Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d 1074, 1075 [2015]).
When questioned at the December 2016 workers' compensation hearing, claimant readily acknowledged his volunteer activity with the local fire department and disclosed that he had responded to six fire department calls between October 11, 2015 and August 2, 2016. At a prior hearing in April 2016, claimant, who was testifying in connection with the third-party action stemming from his injuries, was also forthcoming about his volunteer firefighter activities. There is no indication that the carrier or any physician, either directly or on any questionnaire form, asked claimant about his involvement in any volunteer activity. Claimant testified that he told Robert Conciatori, a psychiatrist, about his volunteer firefighting activity when discussing his nightmares in relation to his posttraumatic stress disorder, and also disclosed his volunteer activities with his therapist. Other than the video surveillance from one of those calls, claimant was not questioned about the details of the calls or to what extent he participated in those calls. Nevertheless, the Board, in adopting the findings of fact of the WCLJ, appears to have made certain presumptions regarding the nature of those calls and the extent of claimant's activities in determining that claimant's presence at those calls was inconsistent with his injuries.
Regarding the video surveillance at a personal injury accident, the Board found that claimant exhibited no apparent difficulty or disability. In the video surveillance, claimant is observed walking around the accident scene; which is not inconsistent with his reports of injury given that he did not need an assistive device to walk but, as noted in his medical records, could walk independently with a mild antalgic gait. Furthermore, any conclusion by the Board that claimant's movements of his neck, arms and back were inconsistent with his loss of range of motion were not supported by any medical testimony at the hearing and amount to speculation as to whether such movements were inconsistent with the degree of range of motion noted in his medical records. Again, claimant was not in need of any assistive device for his injuries and the degree to which claimant moved his neck, arm and back in the video surveillance, and whether it was inconsistent with his medical records, could not be ascertained without additional medical testimony. In an addendum to his medical report, Conciatori downgraded claimant's condition to a temporary moderate 50% partial degree of psychiatric disability. Conciatori's addendum, however, is based on speculation and surmise as to claimant's capacity at the accident and the nature of the accident, which cannot be seen on the video surveillance.
We also find that the Board mischaracterized the video surveillance depicting claimant "walking into a grocery store
. . . and then bending fully at the waist to retrieve a loaf of bread." Although claimant maintained that his daily living activities had been affected by his injuries, the video did not clearly reflect any heavy lifting or repetitive motion inconsistent with his complaints of pain. Significantly, claimant was deemed totally disabled from performing his job duties as a laborer, but not totally disabled from all activities. It is also noted that the addendum submitted by Conciatori is factually inaccurate as it incorrectly indicates that claimant is seen "carrying packages" at the grocery store, but the video depicts claimant carrying only a loaf of bread. Furthermore, the Board's finding that the physicians who treated claimant would not have found him 100% disabled if they had been apprised of his volunteer activities seen in the video surveillance is not supported by the record and is pure speculation. Simply put, our review of the record reflects [*2]that the Board's decision is not supported by substantial evidence as it is based upon speculation, surmise and mischaracterizations (see Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d at 1075-1076; Matter of Donato v Aquarian Designs, Inc., 96 AD3d 1302, 1303-1304 [2012]; Matter of Engoltz v Stewart's Ice Cream, 91 AD3d 1066, 1067 [2012]; compare Matter of Santangelo v Seaford U.F.S.D., 165 AD3d at 1359; Matter of Leising v Williamsville Cent. Sch. Dist., 143 AD3d at 1108-1109; Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]). In view of our conclusion, the remaining contentions regarding the penalties imposed are academic.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.