Matter of Nikac v Joal Rest. Corp. (2020 NY Slip Op 05274)





Matter of Nikac v Joal Rest. Corp.


2020 NY Slip Op 05274


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530667

[*1]In the Matter of the Claim of Lydia Nikac, Appellant,
v
Joal Restaurant Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Braunfotel & Frendel, LLC, New City (Daniella V. Pascaru of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Katherine Mason-Horowitz of counsel), for Joal Restaurant Corp. and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed May 31, 2019, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and imposed penalties.
In March 2014, claimant was working as a bartender when she was assaulted by her supervisor and sustained multiple injuries. She applied for workers' compensation benefits and her claim was established for injuries to her neck and back, as well as for posttraumatic stress disorder. Claimant stopped bartending after the assault, but reported to her orthopedist that she engaged in self-employment running a dog walking business. In November 2015, claimant's counsel filed a request for further action to consider the profit and loss from this business. At the hearing that followed, the 2015 tax returns for the business were not available, so the Workers' Compensation Law Judge (hereinafter WCLJ) held awards for the period May 31, 2015 to December 31, 2015 in abeyance on the issue of possible reduced earnings. In addition, as claimant's counsel indicated that claimant had not worked since January 1, 2016, the WCLJ awarded benefits at the temporary total disability rate from December 31, 2015 to the date of the hearing. The WCLJ conducted another hearing in April 2017, at which claimant testified that she had not done any work since December 2015 and did not continue the dog walking business after that time. The WCLJ issued a decision awarding claimant benefits from May 21, 2015 to December 31, 2015 at the reduced earnings rate, and from December 31, 2015 to the date of the hearing at the temporary total disability rate.
Thereafter, the WCLJ continued awards at the temporary total disability rate and directed depositions of various medical experts on the issue of permanency. At a June 2018 hearing, the employer's workers' compensation carrier raised the issue of claimant's violation of Workers' Compensation Law § 114-a based on her failure to disclose her ongoing work activities with respect to the dog walking business. During the proceedings that followed, documentary evidence was presented and testimony was taken from various witnesses on this issue. At the conclusion of these proceedings, the WCLJ issued a decision ruling, among other things, that there was no violation of Workers' Compensation Law § 114-a and continued awards at the total temporary disability rate. The carrier appealed and a panel of the Workers' Compensation Board ruled that claimant violated Workers' Compensation Law § 114-a and was subject to a mandatory penalty of forfeiture of benefits, as well as a discretionary penalty disqualifying her from receiving future wage replacement benefits. Claimant appeals.
Initially, Workers' Compensation Law § 114-a (1) provides, in relevant part, that "[i]f for the purpose of obtaining compensation . . ., or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "A fact is considered material when it is significant or essential to the issue or matter at hand" (Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 709 [2020] [citations omitted]; see Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d 1245, 1246 [2019]). Moreover, "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1420 [2019] [internal quotation marks and citation omitted]; see Matter of Galeano v International Shoppes, 171 AD3d 1416, 1418 [2019]). The Board's determination of whether there has been a violation of Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence (see Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d at 709; Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1002 [2019]).
Here, the carrier conducted an investigation into claimant's activities, specifically with respect to the dog walking business, to ascertain if she was working while receiving benefits. An Internet search of various social media sites revealed that the business was still active and had received customer reviews as well as posts on Facebook. The business was registered with the Department of State and maintained current workers' compensation insurance coverage. The webpage for the business, however, was not active. Moreover, claimant was not recorded on any surveillance videotape walking dogs or doing work associated with the business. Furthermore, the investigators were unable to locate a physical address for the business or ascertain if claimant received compensation.
According to an investigative report, when a telephone call was made to the business, claimant answered and stated that she did not walk the dogs, but had employees who did, and proceeded to convey information on the services provided. In addition, the senior investigator testified that when he sent an email to the business posing as a prospective customer, he received a reply signed by claimant offering to give him more information on the services provided.
Claimant testified at a November 2018 hearing that she initially opened the business and is still an owner, but is not involved in the dog walking activities. She stated that the business is run by her brother. She explained that when the investigator called, she answered the phone on behalf of her brother, but did not otherwise answer calls to the business. She further stated that an automated reply with her signature was sent in response to the investigator's email. Claimant's testimony was corroborated by that of her brother, who stated that he operated the business and did not know how to change the automated email reply.
In view of the above, the record does not establish that claimant knowingly made a material false statement to influence her claim for compensation in violation of Workers' Compensation Law § 114-a (see e.g. Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1268 [2019]; Matter of Permenter v WRS Envtl. Servs. Inc., 172 AD3d 1837, 1838 [2019]; compare Matter of Cucinella v New York City Tr. Auth., 102 AD3d 1066, 1067 [2013], lv denied 21 NY3d 863 [2013]; Matter of Bottieri v New York State Dept. of Taxation & Fin., 27 AD3d 1035, 1037 [2006]). There is no indication that claimant actively participated in the business after she began receiving temporary total disability payments. Her involvement was tangential at best. Although the business remained intact, it was claimant's brother who ran the day-to-day operations. Significantly, there is nothing to indicate that claimant attempted to hide the business, as the Board was well aware of its existence at the time that the WCLJ made the reduced earnings award. Accordingly, the Board's decision finding that claimant violated Workers' Compensation Law § 114-a and imposing penalties is not supported by substantial evidence and must be reversed.
Mulvey, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.